IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No: 1:23cr25-AW-MAL

TONEKE MILLER

_____/

STATEMENT OF FACTS

THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, provides this factual basis for the acceptance of the guilty plea of Defendant Toneke Miller ("Defendant"). Should this case proceed to trial, the government is prepared to present evidence as follows:

In or around March 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was enacted. It was designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. During the period of time including between July 1, 2020, and December 31, 2021, the Florida Department of Economic Opportunity ("FL DEO"), California Employment Development Department ("CA EDD"), and Arizona Department of Economic Security ("AZ DES") managed Unemployment Insurance ("UI") programs in their respective states, which were funded in part by the federal CARES Act. Additionally, during the period of time including between July 1, 2020, and December 31, 2021, the

Filed in Open Court
2-20-24
Clerk, U.S. District Court
Northern District of Florida

CARES Act authorized up to $649 billion in forgivable loans to small businesses for job retention and certain other expenses through the United States Small Business Administration ("SBA") Paycheck Protection Program ("PPP").

During the period of time including between July 1, 2020, through December 31, 2021, the Defendant, along with other co-conspirators, knowingly devised and participated in a scheme to defraud and to obtain money by using false pretenses and representations related to the submission of various UI and PPP applications. Specifically, the Defendant, along with others, identified states, including California, Arizona, and Florida, which accepted online applications for the payment of UI benefits, and made material false statements via the Internet to the state agencies which disbursed UI funds in order to fraudulently obtain funds to which the Defendant was not entitled.

As part of these fraud schemes, the Defendant submitted to the FL DEO, CA EDD, and AZ DES applications in which the Defendant falsely claimed that she, as well as other third party co-conspirators, had lived and worked in the relevant state, that the applicant had lost their employment due to the COVID-19 pandemic. The submission of these UI applications was completed via the internet, and as such the submission of the applications constituted a wire communication transmitted in interstate commerce. In the course of this fraud scheme, the Defendant agreed with

at least one other person to try to accomplish a common and unlawful plan to commit wire fraud. The Defendant knew the unlawful purpose of the plan, and willfully joined in it, as described further below. (Count One).

As part of the fraud scheme, the Defendant submitted false statements and misrepresentations in UI applications, both in her name as well as the names of others, and in doing so obtained monetary benefits to which she was not entitled. On July 13, 2020, the Defendant submitted a CA EDD UI benefits application in which she falsely claimed to have lived and worked in the state of California, and to have lost her employment due to COVID-19. In reality, and as the Defendant knew, the Defendant has never or lived or worked in the state of California, and was not entitled to unemployment insurance benefits from the CA EDD. Through the false statements contained in her application, the Defendant received $10,892 in CA EDD UI funds to which she was not entitled. (Count Two).

On July 14, 2020, the Defendant submitted an AZ DES UI benefits application in which she falsely claimed to have lived and worked in the state of Arizona, and to have lost her employment due to COVID-19. In reality, and as the Defendant knew, the Defendant has never or lived or worked in the state of Arizona, and was not entitled to unemployment insurance benefits from the AZ DES. Through the false statements contained in her application, the Defendant received $10,520 in AZ

DES UI funds to which she was not entitled. (Count Three).

On February 26, 2021, the Defendant submitted a FL DEO UI benefits application in which she falsely claimed to have lost her employment due to COVID-19, and that she had not, since February 14, 2020, applied for unemployment benefits in any state other than Florida. In reality, and as the Defendant knew, the Defendant had not become unemployed due to COVID-19, and had in fact applied for UI benefits from other states, including California and Arizona, since February 14, 2020, and therefore was not entitled to unemployment insurance benefits from the FL DEO. Through the false statements contained in her application, the Defendant received $4,601 in FL DEO UI funds to which she was not entitled. (Count Four).

On April 3, 2021, the Defendant submitted an SBA PPP loan application and supporting documents to Harvest Small Business Finance, LLC and the SBA, in which she falsely represented gross income and average monthly payroll expenses for a business the Defendant purported to own, and falsely claimed to qualify for a SBA PPP loan. Through the false statements contained in her application, the Defendant received $20,833 from Harvest Small Business Finance, LLC and the SBA to which she was not entitled. (Count Five).

During the period of time including between May 4, 2021, and August 25, 2021, the Defendant maintained a bank account ending in 5535 at Bank of America.

During that same time period, the Defendant conspired with third parties to submit fraudulent UI applications to states including California, Arizona, and Florida, with the goal of fraudulently obtaining UI benefits to which the Defendant and the named third parties were not entitled. As a result of this scheme to defraud, the Defendant did successfully defraud the CA EDD, AZ DES, and FL DEO of UI benefit funds to which she and her co-conspirators were not entitled.

Following the completion of these wire fraud schemes, the Defendant, knowing that the transaction was designed to conceal and disguise the nature, source, ownership, and control of proceeds of wire fraud, did cause wire transfers to be made from the accounts of various third party co-conspirators to the Defendant's Bank of America account ending in 5535. Specifically, the Defendant caused the following transfers to be made to her account ending in 5535 (Counts Six through Eleven):

| COUNT | DATE | TRANSACTION | AMOUNT |
|---|---|---|---|
| 6 | May 4, 2021 | Wire transfer from V.G. account ending in 3335 | $5,000.00 |
| 7 | June 2, 2021 | Wire transfer from A.G. account ending in 9273 | $5,000.00 |
| 8 | June 9, 2021 | Wire transfer from J.W. account ending in 3088 | $5,000.00 |
| 9 | July 13, 2021 | Wire transfer from B.R. account ending in 3373 | $5,000.00 |
| 10 | August 20, 2021 | Wire transfer from A.G. account ending in 7378 | $2,500.00 |
| 11 | August 25, 2021 | Wire transfer from D.L. account ending in 1333 | $5,000.00 |

## ELEMENTS OF THE OFFENSE – COUNT ONE

(1) Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

(2) The Defendant knew the unlawful purpose of the plan and willfully joined in it.

## ELEMENTS OF THE OFFENSE-COUNTS TWO THROUGH FIVE

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

## ELEMENTS OF THE OFFENSE – COUNTS SIX THROUGH ELEVEN

6

(1) The Defendant knowingly conducted or tried to conduct financial transactions;

(2) The Defendant knew that the money or property involved in the transactions were the proceeds of some kind of unlawful activity;

(3) Money or property did come from an unlawful activity, specifically wire fraud, as alleged in the Indictment;

(4) The Defendant knew that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds.

|  |  |
|---|---|
| _____<br>DAVID WILSON, ESQ.<br>Attorney for Defendant | JASON R. COODY<br>United States Attorney<br><br>_____<br>DAVID P. BYRON<br>Florida Bar No. 0105777<br>Assistant United States Attorney<br>Northern District of Florida<br>401 SE First Ave, Ste 211<br>Gainesville, Florida 32601<br>(352) 378-0996<br>David.byron@usdoj.gov |
| 2/13/2024<br>Date | |
| _____<br>TONEKE MILLER<br>Defendant | 2/20/2024<br>Date |

7